# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 73 | **DATE** | 5/21/2004 |
| **CASE TITLE** | Acevedo vs. Canterbury | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The following motions in limine are granted: Acevedo's first, second, fourth, fifth, seventh, eight, and ninth and Canterbury's first, third, sixth (as discussed in the Opinion), tenth, and eleventh. The following motions in limine are denied: Acevedo's third and sixth and Canterbury's second, fourth, fifth, seventh, eighth, and ninth. The objections to jury instructions offered by the parties in the final pretrial order will be addressed by the trial judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 4 2004 | |
| | Notified counsel by telephone. | date docketed | 30 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD ACEVEDO, | ) | DOCKETED |
| | ) | MAY 2 4 2004 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 0073 |
| | ) | |
| DENNIS CANTERBURY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the parties' motions in limine. Plaintiff Edward Acevedo has filed nine motions; Defendant Dennis Canterbury has filed eleven.

## LEGAL STANDARD

The power to exclude evidence pursuant to motions in limine is part and parcel of a district court's authority to manage trials. Falk v. Kimberly Servs., 1997 WL 201568, *1 (N.D. Ill. Apr. 16, 1997). Motions in limine should be granted only when the evidence under attack is clearly inadmissible on all potential grounds. Hawthorne Partners v. A.T. & T. Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The admissibility of some proposed evidence cannot be determined without a proper



frame of reference, and motions in limine pertaining to such evidence should be denied. See Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Of course, such a denial does not mandate that the subject evidence be admitted at trial; rather, it allows the court to address pertinent questions of admissibility within a proper context. Hawthorne Partners, 831 F. Supp. at 1400-01. Moreover, a district court can alter a previous ruling on a motion in limine. Luce v. U.S., 49 U.S. 38, 41-42, 105 S. Ct. 460 (1984). With these principles in mind, we address the motions before us.

## DISCUSSION

Several of the respective motions have not been challenged and their bases are meritorious: Acevedo's first, second, fourth, fifth, seventh, and ninth motions and Canterbury's first, third, tenth, and eleventh motions. Consequently, these motions are granted.

### 1. Acevedo's Motions

Acevedo's third motion would bar Canterbury from referring to or using any photographs or exhibits not previously produced or identified. In response, Acevedo calls the court's attention to photographs taken of the location of an altercation described within the complaint. He admits that the photographs were not produced before discovery closed in this case in December 2003. However, Acevedo claims that these pictures were given to Canterbury's counsel in February, two months before a

date was set for trial. Canterbury does not dispute this fact. Accordingly, it appears that Canterbury is not prejudiced by the delay in receiving the materials, and their tardy arrival will cause no disruption of the upcoming trial. Canterbury has made no claim that Acevedo willfully withheld the photographs, and we can detect none. Accordingly, we conclude that Acevedo's failure to turn the photographs over before the discovery cut-off date was harmless, and their exclusion is not warranted. See David v. Caterpillar, 324 F.3d 851, 857 (7th Cir. 2003). The third motion is consequently denied.

Canterbury also attacks Acevedo's sixth motion, which seeks to bar Canterbury from eliciting testimony from lay witnesses on the issue of whether Acevedo was intoxicated at the time of the incidents alleged in the complaint. Canterbury argues that lay persons are not qualified to offer opinions on blood alcohol level. While this is true, evidence of intoxication is not limited to these medical measurements. Other indicators are well within the experience of the average adult. See, e.g., People v. Vanzandt, 679 N.E.2d 130, 136 (Ill. App. Ct. 1997). Although this evidence may raise questions of credibility, it does not point to wholescale inadmissibility. Thus, Acevedo's sixth motion in limine is denied.

The last of Acevedo's disputed motions attempts to bar Canterbury from referring to the outcome of the investigation performed by Internal Affairs of Acevedo.

We agree with Acevedo that this evidence is likely to confuse the jury, and its prejudicial effect outweighs its potential probative value. Accordingly, Acevedo's eighth motion is granted. However, this ruling will not apply to the use of the statements if they are used solely to refresh a witness's recollection or for impeachment purposes.

## 2. Canterbury's Motions

The first of Canterbury's disputed motions pertains to information about the wealth or poverty of the parties. Canterbury asks the court to bar introduction of this evidence; Acevedo quarrels only within the context of the complaint's prayer for an award of punitive damages. Certainly, if Acevedo continues to pursue punitive damages, Canterbury's financial situation will be very relevant. See Kemezy v. Peters, 79 F.3d 33, 35-36 (7th Cir. 1996). Thus, the motion is granted with respect to the compensatory damage claims that Acevedo seeks but denied with respect to any case he may put on for punitives.

The second disputed motion filed by Canterbury requests that Acevedo be prohibited from referring to Canterbury's prior arrests or convictions or any disciplinary actions taken against Canterbury or his witnesses. Acevedo responds only that such evidence should be available to him for rebuttal purposes if Canterbury attempts to paint himself or his witnesses in a positive light through mention of awards

and the like. The evidence may be allowable in that situation. With respect to other evidence within the potential reach of this motion, we are not convinced from the sparse presentation the parties have offered that it would be inadmissible in all circumstances. This is particularly so with respect to the witnesses other than Canterbury. If, for example, a disciplinary action was taken against a witness because of behavior that would be probative of the witness's truthfulness or untruthfulness, questioning in that area would be permissible under Fed. R. Evid. 608(b) but would be barred by this broad motion. Accordingly, the request to categorically exclude this broad range of evidence is denied. Particular matters are better left for trial evaluation.

The third disputed motion is tied to the second but specifically involves so-called "Complaint Register Numbers." As neither party explains what this evidence comprises, we have no basis to conclude that it should be treated any differently from that in the second disputed motion. Thus, this motion is also denied.

The fourth disputed motion involves evidence of injuries, treatment, examinations or bills that Acevedo did not disclose in his answers to interrogatories. Acevedo counters that he should also be allowed to testify about these issues as disclosed in his interrogatories as well as his deposition testimony. We agree that if these two bodies of information are not congruent, Canterbury would still have been properly notified of the extent of Acevedo's medical situation, and any disparity is

harmless. Consequently, Acevedo will not be allowed to present evidence of injuries, treatment, examinations, or bills that he did not disclose either in his interrogatories or his deposition testimony.

The fifth and sixth disputed motions both implicate Acevedo's competence to testify to the specifics of his medical diagnosis and prognosis. At this point in the proceedings, we do not have a sufficient context to weed out impermissible testimony. Thus, these motions are denied.

The final disputed motion filed by Canterbury seeks to preclude Acevedo from introducing any evidence of his damages through unpaid medical bills. Canterbury correctly notes that Acevedo must show both that he has paid or become liable to pay a specific amount for medical services rendered and that the charges he incurred were reasonable. See Barreto v. City of Waukegan, 478 N.E.2d 581, 589 (Ill. App. Ct. 1985). Clearly, unpaid medical bills will satisfy the first prong, and indeed Canterbury only contests Acevedo's ability to satisfy the second. Canterbury contends that Illinois case law requires a plaintiff to prove that a bill has been paid before a proper foundation of reasonableness can be shown. Aside from the fact that Canterbury's construction of the rule is internally inconsistent because it would nullify the portion of the first prong that speaks to mere liability for payment, it is not a correct statement of the totality of treatment the issue has received from the Illinois courts. Payment of

a bill is a sufficient method of showing reasonableness of medical charges, but it is by no means the sole method. See Baker v. Hutson, 775 N.E.2d 631, 638 (Ill. App. Ct. 2002) (discussing methods of establishing the reasonableness of unpaid medical charges). As a result, the motion to exclude unpaid medical bills is denied.

## CONCLUSION

Based on the foregoing discussion, the following motions in limine are granted: Acevedo's first, second, fourth, fifth, seventh, eighth, and ninth and Canterbury's first, third, sixth (as discussed above), tenth, and eleventh. The following motions in limine are denied: Acevedo's third and sixth and Canterbury's second, fourth, fifth, seventh, eighth, and ninth. The objections to jury instructions offered by the parties in the final pretrial order will be addressed by the trial judge.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY 21 2004